UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JIMICO ENTERPRISES, INC.; and
BROWNSON ENTERPRISES, INC.,
     Plaintiffs,         1:07-CV-0578
                   (GTS/RFT)
v.

LEHIGH GAS CORPORATION,
     Defendant.
_____

LEHIGH GAS CORPORATION,
     Counter-Claimant,

v.

BROWNSON ENTERPRISES, INC.; and
PETER BROWNSON,
     Counter-Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FARUQI, FARUQI, LLP<br> Counsel for Plaintiffs Jimico and Brownson Enters.<br> and Counter-Defendant Brownson Enters.<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, PA 19046 | RICHARD D. SCHWARTZ, ESQ.<br>KENDALL S. ZYLSTRA, ESQ.<br>STEPHEN E. CONNOLLY, ESQ. |
| McNAMEE, LOCHNER TITUS & WILLIAMS, P.C.<br> Counsel for Plaintiffs Jimico and Brownson Enters.<br> and Counter-Defendant Peter Brownson<br>677 Broadway<br>Albany, NY 12207-2503 | CHRISTOPHER MASSARONI, ESQ. |
| HARRITON & FURRER, LLP<br> Counsel for Defendant/Counter-Claimant<br>84 Business Park Drive, Suite 302<br>Armonk, NY 10504 | URS BRODERICK FURRER, ESQ. |

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court is a motion by defendant and counter-plaintiff, Lehigh Gas Corporation ("Lehigh") for an "order and entry of Judgment valuing the Court's prior award of attorneys' fees for Lehigh and awarding pre- and post-judgment interest on the damages award also previously granted to Lehigh" im this Court's Amended Memorandum-Decision and Order dated October 14, 2011. Plaintiffs and counter-defendants, Jimico Enterprises, Inc. ("Jimico") and Brownson Enterprises, Inc. ("Brownson") (collectively, "Plaintiffs") oppose the motion as untimely, and in the alternative, oppose the motion on the merits. For the following reasons, Lehigh's motion for attorney's fees is granted in part and denied in part, and Lehigh's motion for pre- and post-judgment interest is denied.

## I.     RELEVANT BACKGROUND

On September 30, 2011, this Court issued a Memorandum-Decision and Order, which, among other things, granted Lehigh's breach of contract claim against plaintiff Brownson and Peter Brownson as the guarantor and awarded Lehigh $84,889.72, to be offset by the Court's prior award to Brownson, yielding a net balance due to Lehigh of $33,458.34. The Court also granted Lehigh's request for attorney's fees pursuant to the Temporary Franchise Agreement ("TFA"). (*See* Dkt. No. 117.) In addition, the Court granted in part and denied in part Plaintiffs' motion for attorney's fees, expert fees, costs, pre-judgment interest and post-judgment interest. (*See id.*) On October 14, 2011, the Court amended its September 30, 2011 MDO, at the request of the parties, to correct a computational error in the calculation of prejudgment interest awarded to plaintiff Jimico. Thereafter, Lehigh filed a timely notice of appeal regarding this Court's prior orders, including the October 14, 2011 amended MDO, awarding Plaintiffs compensatory

damages, punitive damages, attorney's fees and costs, and interest.[1]  (*See* Dkt. No. 122.)  On November 9, 2011, the Court issued an Order staying the enforcement of the October 14, 2011 amended MDO pending outcome of the appeal pending pursuant to Fed. R. Civ. P. 62(d), and directed that Lehigh file and serve its supersedeas bond, which it did on November 15, 2011.  On December 14, 2011, Lehigh filed the current motion.

### A. Lehigh's Motion

Generally, in support of its motion for valuation of its attorney fee award, Lehigh argues that the Court should award it a total of $21,832.50 for 15.1 hours of a partner's time at $300 per hour and 76.9 hours of an associate's time at $225 per hour, which was spent litigating Lehigh's counterclaims in this action.  In support of its motion for pre-judgment interest, Lehigh argues that the Court should award it pre-judgment interest on its net award of $33,458.34 at a compound annual rate of nine percent for the period from the date of termination of the TFA, January 22, 2007, though the date of judgment, September 30, 2011, for a total of $16,705.51.  In support of its argument for post-judgment interest, Lehigh argues that the Court should award it post-judgment interest in accordance with 28 U.S.C. § 1961(b) at the rate of 0.10% compounded annually from the date of judgment, September 30, 2011 through the date that judgment is paid. Finally, Lehigh argues that since the Court previously found that Peter Brownson is liable, as personal guarantor, for Brownson Enterprises breach of contract, he should also be liable for pre- and post-judgment interest.  (*See generally* Dkt. No. 132-2.)

---

[1] On February 20, 2013, the Court of Appeals for the Second Circuit affirmed this Court's October 14, 2011 amended judgment.  *See Jimico Enters., Inc. v. Lehigh Gas Corp.*, 708 F.3d 106 (2d Cir. 2013).

3

Generally, in opposition to the current motion, Plaintiffs argue that it is untimely whether it is considered as a motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d) or a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59. Alternatively, Plaintiffs argue, even if timely, Lehigh's motion should be denied or reduced as follows: (1) Lehigh is not entitled to out-of-district hourly rates, but should instead receive the lowest end of hourly rates awarded for attorneys in the Northern District of New York; (2) the number of hours should be drastically reduced because Lehigh's fee application reflects time entries that are vague; and (3) Lehigh should not be awarded pre-judgment interest at a rate higher than that set forth by statute for post-judgment interest, which in this case is a rate no higher than 0.10%. (*See generally* Dkt. No. 133.)

Generally, in its reply to Plaintiffs' opposition, Lehigh argues that its motion for attorney's fees is not a motion pursuant to Fed. R. Civ. P. 54, 59 or 60, but instead is a motion for valuation of its fees pursuant to the TFA. Lehigh does not address Plaintiffs' argument that its motion for pre- and post-judgment interest is untimely. (*See generally* Dkt. No. 134.)

## II. GOVERNING LAW

### A. Attorney's Fees

Pursuant to Fed. R. Civ. P. 54(d), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). If a claim for attorney's fees must be made by motion, "[u]nless a statute or court order provides otherwise, [a motion for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). "Paragraph (2) of Rule 54(d) 'does not[, however,] ... apply to fees recoverable

4

as an element of damages, as when sought under the terms of a contract ... .'" *Cumberland Farms, Inc. v. Lexico Enterprises, Inc.*, No. 10-CV-4658, 2012 WL 526716, at *10 (E.D.N.Y. Feb. 16, 2012) (quoting Notes of Advisory Committee on Rules, 1993 Amendment, Fed. R. Civ. P. 54(d)(2)(A)).

Traditionally, courts have determined a "reasonable attorney's fee" by calculating the lodestar – the product of the number of hours required by the matter and a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008)). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289-290 (2d Cir. 2011) (citations and quotations omitted). The reasonable amount of time spent on a matter is dependent in part on the degree of difficulty of the factual and legal issues involved. *See Hofler v. Family of Woodstock, Inc.*, No. 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012). Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *See id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983). Finally, it is important to note that the fee applicant bears the burden of documenting the hours reasonably expended and the reasonable hourly rates. *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941.

There is a presumption that the reasonable hourly rate is that of the prevailing market rate in the relevant community, otherwise known as the forum rule. *See Perdue*, 559 U.S. 542, 130

5

S. Ct. at 1672; *Bergerson*, 652 F.3d at 290. The Second Circuit has held that

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.

*Simmons v. New York City Transit Authority*, 575 F.3d 170, 175 (2009). In order to meet this burden, a litigant "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.*, at 176. "Among the ways an applicant may make such a showing is by establishing that local counsel possessing requisite experience were unwilling or unable to take the case, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise." *Id.*

Finally, a determination of the prevailing market rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).

    B.    **Pre- and Post-Judgment Interest**

        1.    **Timeliness of Motion**

The United States Supreme Court has found motions for prejudgment interest to be precisely "the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply" because such an award necessarily implicates a

6

reexamination of many factors underlying the merits of a case and therefore must be considered an alteration or amendment of a final judgment. *Braunscheidel v. Buffalo Carpenters Pension Plan*, No. 89-CV-356S, 1993 WL 30935, at *3 (W.D.N.Y. Jan. 28, 1993) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-77, 109 S. Ct. 987, 991-92 (1989)).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court is without power to modify this time limit as it is mandatory. *See Tepperwien v. Entergy Nuclear Operations, Inc.*, No. 07-CV-433, 2010 WL 8938797, at *9 (S.D.N.Y. Mar. 16, 2010) (citing *Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir.1993); *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir.2000)).

## III. ANALYSIS

### A. Whether Lehigh's Motion is Timely

#### 1. Attorney's Fees

Because Lehigh is entitled to attorney's fees pursuant to the TFA, the attorney's fees are recoverable as an element of damages, and therefore, the time-limit for filing a motion for attorney's fees set forth in Fed. R. Civ. P. 54 does not apply to Lehigh's current motion. In support of its motion for summary judgment in its favor regarding its breach of contract and unjust enrichments claims, "together with costs, fees and expenses, including attorney's fees and expert witness fees" Lehigh argued that it was entitled to attorney's fees pursuant to the underlying contract, as follows: "pursuant to Section 20.5 of the TFA, Brownson Enterprises agreed that it would 'promptly reimburse Lehigh Gas on demand for all costs, fees (including attorneys and expert witness fees), and expenses incurred by Lehigh Gas in enforcing its rights

7

or remedies under this Agreement.'" (Dkt. 114-4, at 18-19 [Def.'s Mem. of Law].) Accordingly, Lehigh requested, the Court should "award to Lehigh all costs, fees (including attorneys and expert witness fees) and expenses included by it in prosecuting [its counterclaims]." (*Id.* at 19.) The Court granted Lehigh's motion for summary judgment on its breach of contract claim against Brownson and its guarantor, Peter Brownson, awarding Lehigh $84,889.72, which, after subtracting the amount previously awarded to Brownson, yielded a net award to Lehigh of $33,458.34. The Court also denied Lehigh's motion for summary judgment on its unjust enrichment claim, and granted Lehigh's request for attorney's fees, *"pursuant to the TFA*[.]" (Dkt. No. 120 [October 14, 2011 Amended MDO].) (emphasis added). Accordingly, Lehigh's attorney's fees are essentially an element of damages that they are due for Brownson's breach of the TFA.

Nor is there a basis for Plaintiffs' argument that Lehigh's current motion for attorney's fees is untimely under Rule 59(e), as Lehigh is not seeking to amend the judgment. Moreover, the Court did not specify a time period by which Lehigh should file its fee petition. Lehigh's motion was filed two months after the Amended MDO and Judgment were filed. Accordingly, in the interest of justice, the Court accepts the current motion as timely.

### 2. Motion for Pre- and Post-Judgement Interest

Lehigh's motion for pre- and post-judgment interest was filed two months after this Court's entry of judgment. Consequently, to the extent it seeks pre- and post-judgment interest, Lehigh's motion is untimely under Rule 59(e), and the Court lacks discretion to decide it. Accordingly, Lehigh's motion for pre- and post-judgment interest is denied.

B.	**Attorney's Fees**

1.	**Reasonable Hourly Rate**

Lehigh argues that it should be awarded attorney's fees for the services of its attorneys – Urs Broderick Furrer, a partner with twenty years of commercial litigation experience, and Kimberly A. Sanford, an associate with five years of commercial litigation experience – at hourly rates of $300 and $225, respectively. Lehigh argues that these hourly rates are competitive rates for a small firm in Westchester County, which is located in the Southern District of New York. In support of its argument for out-of-district rates, Lehigh argues that "[i]t is extremely cost-effective for Lehigh to use a single firm that is centrally located to represent its interests in as many of [the districts located in the five states where it does business] as possible." (*See* Dkt. No. 132-2, at 4.) Lehigh further argues that its counsel is on retainer and handles other matters for it that are similar to the present matter.

To the extent Lehigh seeks a finding that an out-of-district fee is reasonable on these grounds, their argument is unpersuasive. In order to meet its burden to show that an out-of-district hourly rate is reasonable, a litigant must show that "not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Simmons*, 575 F.3d 170, 175 (2009). Lehigh's argument falls short of meeting this burden.

Plaintiffs argue that Lehigh is only entitled to the lower end of fee rates for the Northern District of New York. However, as this Court previously determined in this action, the rates of $300 for a partner and $180 for an associate are reasonable hourly rates, considering the level of expertise required, the results obtained, the attorneys' experience and other rates awarded in this

9

District. (*See* Dkt. No. 120 at 20.) Accordingly, the Court will apply those same rates when determining Lehigh's award of attorney's fees.

## 2. Reasonable Hours

Having determined the reasonable hourly rates, the court next addresses the issue of whether the number of hours expended was reasonable. Lehigh has submitted contemporaneous time records that show, for each attorney, the date, the hours expended and the nature of the work done. Plaintiffs argue that "much of Lehigh's time should be disallowed completely" because the submitted billing records are rife with vague descriptions and entries that are unrelated to Lehigh's counterclaims. (Dkt. No. 133 at 15.) However, the Court's review of the specific entries cited by Plaintiffs reveals that they are related to the Lehigh's counterclaims, are not vague, and are reasonable. Therefore, the Court will award Lehigh attorney's fees for the number of hours requested.

Accordingly, Lehigh is entitled to an award of attorney's fees for $18, 372.[2]

**ACCORDINGLY**, it is

**ORDERED** that Lehigh's motion for attorney's fees and for pre-judgment and post-judgment interest (Dkt. No. 132) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Lehigh's motion for pre-judgment interest and post-judgment interest is **DENIED** as untimely; and it is further

**ORDERED** that Lehigh's motion for attorney's fees is **GRANTED** in part and **DENIED** in part; and it is further

---

[2] This amount is calculated as follows: ($300.00 per hour times 15.1 hours for Attorney Furrer = $4530) + ($180 per hour times 76.9 hours for Attorney Sanford = $13,842) = $18,372.

**ORDERED** that Lehigh is awarded $18,372 in attorney's fees. The Clerk is directed to enter judgment for attorneys' fees.

Dated: March 28, 2013
   Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge