UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JIMICO ENTERPRISES, INC.; and
BROWNSON ENTERPRISES, INC.,
     Plaintiffs,         1:07-CV-0578
                    (GTS/RFT)
v.

LEHIGH GAS CORPORATION,
      Defendant.
_____

LEHIGH GAS CORPORATION,
     Counter-Claimant,

v.

BROWNSON ENTERPRISES, INC.; and
PETER BROWNSON,
     Counter-Defendants.
_____

APPEARANCES:              OF COUNSEL:

FARUQI, FARUQI, LLP          RICHARD D. SCHWARTZ, ESQ.
 Counsel for Plaintiffs Jimico and Brownson Enters. STEPHEN E. CONNOLLY, ESQ.
 and Counter-Defendant Brownson Enters.
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046

McNAMEE, LOCHNER TITUS & WILLIAMS, P.C. CHRISTOPHER MASSARONI, ESQ.
 Counsel for Plaintiffs Jimico and Brownson Enters.
 and Counter-Defendant Peter Brownson
677 Broadway
Albany, NY 12207-2503

HARRITON & FURRER, LLP        URS BRODERICK FURRER, ESQ.
 Counsel for Defendant/Counter-Claimant
84 Business Park Drive, Suite 302
Armonk, NY 10504

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this action brought by Jimico Enterprises, Inc. ("Jimico"), and Brownson Enterprises, Inc. ("Brownson") (collectively, "Plaintiffs") against Lehigh Gas Corporation ("Lehigh") pursuant to, *inter alia*, the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2805, are three motions. The first is a letter motion by defendant and counter-plaintiff, Lehigh requesting a stay of payment on the supersedeas bond posted November 15, 2011 by Aegis Security Insurance Company ("Aegis"). *See* Dkt. Nos. 139, 131. Plaintiffs oppose the motion. Second is Plaintiffs' motion to enforce liability on the supersedeas bond, which Lehigh opposes. *See* Dkt. No. 142. Third, and finally, is Plaintiffs' motion for attorney's fees, which Lehigh also opposes. *See* Dkt. No. 144. For the following reasons, Lehigh's letter motion is denied as moot, Plaintiffs' motion to enforce liability on the supersedeas bond is granted in part and denied in part, and Plaintiffs' motion for attorney's fees is granted in part and denied in part.

## I.   RELEVANT BACKGROUND

On September 30, 2011, this Court issued a Memorandum-Decision and Order, which, among other things, granted Lehigh's breach of contract claim against plaintiff Brownson and Peter Brownson as the guarantor and awarded Lehigh $84,889.72, to be offset by the Court's prior award to Brownson, yielding a net balance due to Lehigh of $33,458.34. The Court also granted Lehigh's request for attorney's fees pursuant to the Temporary Franchise Agreement ("TFA"). (*See* Dkt. No. 117.) In addition, the Court granted in part and denied in part Plaintiffs' motion for attorney's fees, expert fees, costs, pre-judgment interest and post-judgment interest. (*See id.*) On October 14, 2011, the Court amended its September 30, 2011 MDO, at the request of the parties, to correct a computational error in the calculation of prejudgment interest awarded

to plaintiff Jimico. Thereafter, Lehigh filed a timely notice of appeal regarding this Court's prior orders, including the October 14, 2011 amended MDO and judgment, awarding Plaintiffs compensatory damages, punitive damages, attorney's fees and costs, and interest. (*See* Dkt. No. 122.) On November 9, 2011, the Court issued an Order staying the enforcement of the October 14, 2011 amended MDO pending outcome of the appeal pursuant to Fed. R. Civ. P. 62(d), and directed that Lehigh file and serve its supersedeas bond, which it did on November 15, 2011. On February 20, 2013, the Court of Appeals for the Second Circuit affirmed this Court's October 14, 2011 amended judgment and remanded the action to this Court for adjudication of attorney's fees. *See Jimico Enters., Inc. v. Lehigh Gas Corp.*, 708 F.3d 106 (2d Cir. 2013). On March 27, 2013, this Court granted in part and denied in part Lehigh's motion for attorney's fees. (*See* Dkt. No. 136.) The following day, judgment was entered awarding Lehigh $18,372 in attorney's fees. On April 30, 2013, the Court of Appeals for the Second Circuit issued the mandate on its February 20, 2013 decision.

Two days after the mandate was issued, Lehigh filed its letter motion seeking a stay of payment on the supersedeas bond. The following day, Plaintiffs filed their motion to enforce liability on the bond. Plaintiffs later filed a motion for attorney's fees related to their defense of Lehigh's appeal and post-judgment litigation. (Dkt. No. 144.)

A. **Lehigh's Motion**

Generally, in support of its motion to stay enforcement of the bond, Lehigh noted that a motion to recall and stay the mandate was pending before the Court of Appeals and that Lehigh intended to file a petition for a writ of certiorari with the United States Supreme Court. Consequently, Lehigh argued, this Court's enforcement of the bond would severely prejudice

3

Lehigh if its petition for certiorari were granted. (*See generally* Dkt. No. 139.)

Generally, in opposition to Lehigh's motion, Plaintiffs assert the following five arguments: (1) once the Court of Appeals issues its mandate, this Court no longer has jurisdiction to implement a stay of the judgment, (2) even if this Court has jurisdiction, it should decline to stay execution because Lehigh is essentially seeking the same relief from the Court of Appeals, (3) there is no rule or authority which would permit the surety to abrogate its responsibility to pay on the judgment now that the judgment is due, (4) the attorney for the surety admits that the amended judgment in this case is immediately due and enforceable against Lehigh, and (5) Lehigh's petition for certiorari "would be truly far-fetched." (*See generally* Dkt. No. 141.)

B. **Plaintiffs' Motion to Enforce Liability on the Supersedeas Bond**

Generally, in support of their motion to enforce liability on the supersedeas bond, Plaintiffs argue that (1) with the issuance of the mandate of the Court of Appeals, the stay of execution of the amended judgment has lifted, (2) Rule 65.1 of the Federal Rules of Civil Procedure provides for a summary proceeding to enforce a surety's liability by the filing of a motion, and (3) Lehigh's motion to recall and stay the mandate is deficient. (*See generally* Dkt. No. 142-1.)

Generally, in opposition to Plaintiffs' motion, Lehigh notes that while it does not dispute that the bond must be satisfied, it does dispute the amount that Plaintiffs are due. In support, Lehigh argues that it is entitled to setoff such that any judgment in Plaintiffs' favor should be reduced to account for Lehigh's judgment on its counterclaims against Brownson as well as Lehigh's judgment for attorney's fees. Lehigh further argues that it has priority over any

4

attorney's lien.  Accordingly, Lehigh opposes any payment on the bond in excess of $456,572.33.  (*See generally* Dkt. No. 147-4.)

Generally, in its reply to Lehigh's opposition, Plaintiffs inform the Court that Aegis has paid them $456,572.33 and therefore, remaining for resolution is the appropriate disposition of the $51,431.38 that Lehigh claims it is entitled to due to setoff.  In support of its argument that Lehigh is not entitled to setoff, Plaintiffs argue that (1) Lehigh waived its right to seek an additional setoff beyond what is included in the October 14, 2011 amended judgment by failing to raise the issue on appeal, (2) Lehigh failed to seek reconsideration of, or further amendment to, the amended judgment and any request for such relief is now untimely, (3) courts bar setoffs against fees awarded pursuant to federal remedial statutes such as the PMPA, and (4) there is no equitable way to disaggregate the joint attorney fee award to account for Brownson's sole debt. (*See generally* Dkt. No. 148.)

### C. Plaintiffs' Motion for Attorney's Fees

Generally, in support of their motion for attorney's fees, Plaintiffs argue that (1) the hourly rates of their attorneys are reasonable and well-documented, (2) the number of hours expended by counsel is reasonable and well-documented, (3) the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 715 (5th Cir. 1974), establish that Plaintiffs' attorney's fees are reasonable, and (4) Plaintiffs' fee request is typical of awards granted to parties that successfully conduct appeals.  (*See generally* Dkt. No. 144-1.)

Generally, in opposition to Plaintiffs' motion, Lehigh argues that (1) Plaintiffs' fee award should be denied as insufficient, (2) Plaintiffs' fee award should be denied as unreasonable, (3) Lehigh is entitled to setoff, (4) Lehigh's claim for setoff has priority over an attorney's lien, and

(5) the fact that the fee award may be a joint award is irrelevant. (*See generally* Dkt. No. 150-4.)

Generally, in their reply to Lehigh's opposition, Plaintiffs argue that (1) the Court of Appeals has already held that Plaintiffs are entitled to reasonable attorney's fees, (2) Lehigh characterizes Plaintiffs' success as nominal, contrary to the Second Circuit's mandate, (3) Lehigh's interpretation of *Luca v. County of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010) is erroneous, (4) Lehigh's challenge to the fees for Christopher Massaroni are without merit, and (5) Lehigh challenges billing for work that was necessitated by its own stubbornness and gamesmanship. (*See generally* Dkt. No. 151.)

Generally, in its sur-reply, Lehigh argues that (1) it was entirely proper for it to address the degree of Plaintiffs' success in this matter in opposing their motion for attorney's fees, (2) Lehigh's reliance on *Luca* is not misplaced, and (3) Plaintiffs' refusal to acknowledge Lehigh's entitlement to setoff has been the basis of the most recent motion practice, and therefore, Lehigh reserves the right to seek attorney's fees in connection with this unnecessary motion practice. (*See generally* Dkt. No. 152.)

## II. GOVERNING LAW

### A. Availability of Setoff

"[A] defendant's right of setoff, i.e., the right to reduce the judgment to be entered for the plaintiff by subtracting from the value of the plaintiff's claim an amount owed to the defendant by the plaintiff, . . . has its roots in common law." *Valley Disposal Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 362 (2d Cir. 1997). "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v.*

*Strumpf*, 516 U.S. 16, 18, 116 S. Ct. 286, 289 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528, 33 S. Ct. 806, 808 (1913)). "The effect of a setoff, assuming the plaintiff establishes [its] own claim, is to reduce the size of the judgment entered in the plaintiff's favor." *Valley Disposal Inc.*, 113 F.3d at 365. When deciding a claim for setoff, the district court must first determine whether the setoff claim is disputed. If the claim is disputed, the court must next decide whether it is meritorious. *See id.*

Where a claim of setoff is one that a defendant possesses at the time of its answer, it is compelled to assert such a claim in its answer or risk vulnerability to a defense of estoppel. *See Valley Disposal Inc.*, 113 F.3d at 364. A court cannot timely decide such a claim that is asserted after final judgment. *See id.*, at 365.

Generally, courts decline to award setoff of attorney's fees where the underlying statute pursuant to which the opposing party received a judgment is remedial in nature. *See, e.g., Schmidt v. Citibank, N.A.*, 677 F. Supp. 687, 691 (D. Conn. 1987) (concluding that "[s]uch a result would thwart the statute's individual enforcement scheme and its remedial objective.") (quoting *Plant v. Blazer Fin. Serv., Inc. of Georgia*, 598 F.2d 1357, 1366 (5th Cir. 1979)).

The PMPA "is remedial legislation that 'must be given a liberal construction consistent with its overriding purpose to protect franchisees.'" *Koylum, Inc. v. Peksen Realty Corp.*, 223 F. Supp. 2d 405, 406 (E.D.N.Y. 2002) (quoting *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1221 (7th Cir. 1982)). *See also Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 304, n.3 (2d Cir. 1986) (finding that, in enacting the PMPA, Congress intended "to protect the franchisee from arbitrary and discriminatory acts of franchisors.") (citing *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1221 (7th Cir.1982) (recognizing the remedial nature of the PMPA, and noting that "the Act must be

7

given a liberal construction consistent with its overriding purpose to protect franchisees.")))

### B. Attorney's Fees

Pursuant to the PMPA, reasonable attorney's fees are mandatory when a franchisee "prevails" in its action against a franchisor. 15 U.S.C. § 2805(d)(1)(C). A franchisee "prevails" in its action when it "recovers more than nominal damages." *Mac's Shell Serv., Inc. v. Shell Oil Prods. Co. LLC*, 559 U.S. 175, 186, n.7, 130 S. Ct. 1251, 1260 (2010) ("The [PMPA] requires courts to award attorney's fees and expert-witness fees in any case in which a [franchisee] recovers more than nominal damages.").

Traditionally, courts have determined a "reasonable attorney's fee" by calculating the lodestar – the product of the number of hours required by the matter and a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008)). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289-290 (2d Cir. 2011) (citations and quotations omitted).[1] The reasonable amount of time spent on a matter is dependent in part on

---

[1] In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation,

the degree of difficulty of the factual and legal issues involved. *See Hofler v. Family of Woodstock, Inc.*, No. 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012). Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *See id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983).

Finally, it is important to note that the fee applicant bears the burden of documenting the hours reasonably expended and the reasonable hourly rates. *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941. To demonstrate that a fee request is reasonable, "a party seeking an attorney's fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 06-CV-0617, 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16 2007) (quoting *Cablevision Sys. New York City Corp. v. Diaz*, 01-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)).

## III. ANALYSIS

### A. Whether Lehigh is Entitled to Setoff

Plaintiffs advise the Court that Aegis, the surety, paid Plaintiffs $456,572.38. Therefore, the sole issue to decide regarding Plaintiff's Rule 65.1 motion is whether the remaining amount of the October 14, 2011 Amended judgment is subject to setoff. According to Plaintiffs, Lehigh

---

and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

is seeking a $51,431.38 offset, representing the amount awarded to plaintiff Brownson against Lehigh. However, as Lehigh makes clear in its opposition papers, it alleges that it is entitled to a setoff of $51,830.34, representing its $33,458.34 award against Brownson on its breach of contract claim as well as its $18,372 attorney's fee award related to that claim.

Lehigh is entitled to setoff of $33,458.34 for two reasons. First, it asserted offset as an affirmative defense in its Answer. (*See* Dkt. No. 22, at 8 [Lehigh's Answer].) Second, this Court, in its October 14, 2011 Amended MDO, offset Brownson's $51,431.38 award by Lehigh's $84,889.72 award, resulting in a net award to Lehigh of $33,458.34. Therefore, in order to avoid "the absurdity" of making Lehigh pay Plaintiffs $33,458.34 when Lehigh is owed $33,458.34 from plaintiff Brownson, the Court denies Plaintiffs' Rule 65.1 motion to that extent. *See Citizens Bank of Maryland*, 516 U.S. at 18, 116 S. Ct. at 289.

Lehigh is not entitled to setoff of its $18,372 attorney's fee award for two reasons. First, and foremost, as indicated in Point II.A. of this Decision and Order, a setoff of attorney's fees is inappropriate where the underlying statute is remedial in nature, as is the PMPA. Second, in any event, Lehigh's assertion of setoff of its attorney's fee award at this procedural juncture is clearly untimely.

For these reasons, Plaintiffs' Rule 65.1 motion to enforce liability on the remaining $51,830.34 of the supersedeas bond is granted in part and denied in part. Further, Lehigh's motion requesting a stay of payment on the supersedeas bond is denied as moot.

**B.     Attorney's Fees**

The Court of Appeals for the Second Circuit granted Plaintiffs' request for attorney's fees and costs for defending Lehigh's appeal. *See Jimico Enters., Inc.*, 708 F.3d at 115. In doing

so, the Second Circuit noted that Plaintiffs have prevailed in this action and have been awarded nominal damages. Accordingly, the Circuit concluded that Plaintiffs "are entitled to fees for defending this appeal, in an amount to be determined on remand by the District Court." *Id.* Finally, the Circuit emphasized that Plaintiffs "are entitled only to *reasonable* fees." *Id.* (emphasis in original).

Accordingly, as indicated in Point II.B. of this Decision and Order, in order to determine a reasonable fee in this case, the Court must decide the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate.

By their motion for attorney's fees, Plaintiffs seek a total of $194,197.60 in legal fees for defense of Lehigh's appeal and post-judgment litigation, which includes 403.35 hours of work at a partner-level rate, 396.95 hours at an associate-level rate and 21.77 hours of paralegal time.[2]

### 1. Reasonable Hourly Rate

As Plaintiffs acknowledge, this Court previously determined that hourly rates of $300 for partner-level work, $180 for associate level work and $80 for paralegal work were reasonable, which decision was affirmed on appeal. Nonetheless, Plaintiffs assert that "a modest increase in the hourly rates awarded to Plaintiffs would be appropriate[,]" because "courts in this Circuit grant increases in hourly rates for attorney's fees incurred in the defense of an appeal" as well as enhanced fees for post-judgment litigation due to counsel's development of special expertise over the course of the litigation. (Dkt. No. 144-1, at 8 [Pls.' Mem. of Law] [citing *Gonzalez v. Bratton*, 247 F. Supp. 2d 432, 435 (S.D.N.Y. 2003); *David v. Sullivan*, 777 F. Supp. 212, 219-

---

[2] Plaintiffs' calculation of the attorney fees for Christopher Massaroni's work is one half hour greater than is supported by the time records submitted. The Court has adjusted Plaintiffs' overall request, accordingly.

221 (E.D.N.Y. 1991)].) In *Gonzalez*, the Court noted that the attorneys' rates increased post-judgment due to the increased cost of doing business, and therefore awarded fees based on those higher rates, finding that they were within the range of those considered reasonable within the Southern District of New York at that time. *See Gonzalez*, 247 F. Supp. 2d at 435. The Court did not, as Plaintiffs imply, increase the hourly rate awarded due to the fact that the legal work was related to an appeal. Moreover, in *David*, the Court awarded an enhanced fee for post-judgment litigation in a class action that spanned over twelve years where the fee petition before the Court was being decided six years after the previous petition had been settled, and where the Court noted that counsel was uniquely situated to handle the post judgment proceedings due to "the highly-specialized legal and factual knowledge necessary to undertake them." *David*, 777 F. Supp. 212, 221 (E.D.N.Y. 1991). Here, the appellate and post-judgment work for which Plaintiffs seek an increased hourly rate occurred over the span of approximately two years from this Court's previous attorney fee award.

To be sure, Plaintiffs fail to specify the "modest[ly]" increased rate that they request. As the movant, it is Plaintiffs' " burden to establish the prevailing market rate." *Spencer v. City of New York*, No. 06-CV-2852, 2013 WL 6008240, at *3 (S.D.N.Y. Nov. 13, 2013) (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, n.11(1984)). Moreover, Plaintiffs calculate their overall award at the hourly rates of $300 for partner-level work, $180 for associate level work, and $80 for work performed by a paralegal. The Court finds that these rates continue to be within the range of prevailing market rates in this District and continue to be reasonable hourly rates, considering the level of expertise required, the results obtained, and the attorneys' experience. (*See* Dkt. No. 120, at 20.) Accordingly, Plaintiffs are awarded fees of $300 per hour

for work performed by partners, $180 per hour for work performed by associates, and $80 per hour for work performed by paralegals.

Plaintiffs argue that they should be awarded partner-level rates for 127.3 hours of work performed by Kendall Zylstra, 97.75 hours of work performed by Christopher Massaroni, one hour of work performed by Peter Kohn, and 177.80 of the hours of work performed by associate, Richard Schwartz. Plaintiffs further argue that they should be awarded associate-level rates for 276.80 of the hours of work performed by Mr. Schwartz, 105.50 hours of work performed by Gary Smith, seven hours of work performed by April Dalbec, 6.9 hours of work performed by Stephen Connolly and .75 of an hour performed by Jacob Lamme. Finally, Plaintiffs argue that they should be awarded paralegal fees for 21.77 hours of work performed by Jessica Jenks.

The Court finds that Plaintiffs have met their burden of establishing the experience and skill of attorneys Zylstra, Schwartz, Smith, Massaroni, Dalbec and Lamme as well as paralegal, Jenks. However, Plaintiffs have failed to submit any evidence regarding the experience and skill of attorneys Connolly and Kohn. Accordingly, the Court denies Plaintiffs' request for fees for work performed by those attorneys.

Finally, Plaintiffs' request for an award of fees for some work performed by associate attorney, Richard Schwartz, at the hourly rate for work performed by partners is denied. Plaintiffs do not meet their burden of establishing that their request is reasonable. Plaintiffs assert that Mr. Schwartz, an associate with eight years of experience, principally handled their appeal, and therefore, they should be awarded fees for this work at the hourly rate of a partner. However, the sole case Plaintiffs cite in support of their assertion that "[i]n identical situations, courts in this Circuit have awarded a partner rate for such tasks even though they are

13

competently performed by an associate[,]" is readily distinguishable. (Dkt. No. 144-1, at 8-9 [Pls. Mem. of Law] citing *Luca v. Cnty. of Nassau*, 698 F. Supp. 2d 296, 304 (E.D.N.Y. 2010)). In *Luca*, unlike here, the issue was whether the hourly rate for work performed by a sole practitioner with twenty years of experience who was retained as lead counsel for purposes of defending the plaintiff's verdict on appeal, should be the hourly rate of a partner rather than that of a senior associate. *See Luca*, 698 F. Supp. 2d at 302-304. There, the Court found that a partner-level rate should be awarded for such work. *See id.*, at 304. Here, however, Mr. Schwartz was an associate with eight years of experience as a lawyer when he performed work defending Plaintiffs on appeal, while being supervised by a partner. The Court finds that Plaintiffs have failed to meet their burden of establishing that their fee award should be calculated by assigning a partner-level hourly rate for any work performed by Mr. Schwartz. Accordingly, the hourly rate to be awarded for the reasonable amount of hours of work performed by Mr. Schwartz will be the $180 hourly rate for associate-level work.

    **2.  Reasonable Hours**

Having determined the reasonable hourly rates, the court next addresses the issue of whether the number of hours expended was reasonable.

As an initial matter, the Court disposes of Lehigh's argument that Plaintiffs' fee petition is insufficient due to Plaintiffs' failure to attach their contingency fee agreement. Lehigh previously advanced this argument in opposition to Plaintiff's petition for attorney fees regarding their motion for summary judgment. (*See* Dkt. No. 90, at 4.) This Court disregarded Lehigh's argument as legally unsupported, which decision was affirmed by the Court of Appeals. (*See* Dkt. No. 120 at 24, *aff'd by Jimico Enters., Inc.*, 708 F.3d at 115.) Accordingly, Lehigh is

estopped from relitigating the issue.

The Court further disposes of Lehigh's argument that the degree of success achieved in this case by Plaintiffs was nominal. In support, Lehigh cites its award against plaintiff Brownson and further argues that the awards Plaintiffs received were minimal compared to what was originally sought. To be sure, Plaintiffs are seeking an award of attorney fees for post-judgment litigation as well as work defending against Lehigh's appeal. Considering Plaintiffs prevailed in defending against the appeal and that the Court of Appeals specifically found that the amount of damages awarded to Plaintiffs was "more than nominal," this Court declines to reduce Plaintiffs' award of attorney's fees on this basis. *See Jimico*, 708 F.3d at 115.

Regarding the number of hours expended by Plaintiffs' counsel, Plaintiffs have submitted contemporaneous time records that show, for each attorney, the date, the hours expended and the nature of the work done. Nonetheless, the Court finds that some of the hours worked were excessive. For example, (1) attorney Schwartz spent 25 hours reviewing and outlining issues regarding Lehigh's appellate brief and 56.7 hours outlining and drafting Plaintiffs' brief; (2) attorney Schwartz spent over 60 hours preparing for and attending oral argument, while attorneys Massaroni and Zylstra together spent over twenty hours on the same; and (3) attorney Smith worked 18.6 hours from February 6 through February 8, 2013 researching and drafting reports regarding post judgment interest, attorneys' fees on appeal and collection on the supersedeas bond, all prior to the Circuit's decision on the appeal.

The Court also finds that some of the hours worked were unnecessary and/or duplicative. For example, (1) on the day the Circuit issued its thirteen-page decision, attorneys Smith, Schwartz and Zylstra together spent a total of eight hours reviewing it and conferring with one

15

another; (2) attorneys Zylstra, Schwartz and Massaroni together spent a total of twenty hours preparing for and attending a Civil Appeals Management (CAMP) conference at the Court of Appeals; and (3) approximately half of attorney Massaroni's entries reflect conference calls with co-counsel.

In addition, the Court finds that some of the descriptions for work performed are vague. For example, (1) on November 5, 2010, November 19, 2010 and December 1, 2010 attorney Dalbec's entries reflect "legal research;" (2) on November 1, 2011 attorney Zylstra "reviewed Judge's order on execution; researched issue, discussed strategy with co-counsel;" (3) on November 2, 2011, attorney Zylstra "reviewed various filings by Lehigh;" and (4) on December 6, 2011, attorney Schwartz spent 3.3 hours "review[ing] district court docket for designations;"

Finally, the Court finds that some of the work performed by attorneys and by paralegal Jenks was clearly administrative in nature. For example, (1) paralegal Jenks spent almost twelve hours of the 21.77 hours she worked on tasks such as drafting appearance and admission documents for counsel as well as editing the table of contents of briefs; (2) attorney Schwartz "completed and filed form re: oral argument dates and availability;" (3) attorney Smith placed a phone call to the Second Circuit Clerk's Office to confirm process regarding the issuance of a mandate and that the mandate would issue that afternoon; and (4) attorney Smith drafted a certificate of service for a motion.

For these reasons, the Court finds that it is appropriate to reduce the total hours billed by thirty percent. *See Legends Are Forever, Inc. v. Nike, Inc.*, No. 12-CV-1495, 2013 WL 6086461, at *5 (N.D.N.Y. Nov. 18, 2013) (reducing hours by thirty percent after finding some entries to be somewhat excessive); *Levitian v. Sun Life and Health Ins. Co.*, No. 09-CV-2965, 2013 WL

16

3829623, at *11 (S.D.N.Y. July 24, 2013) (finding a thirty percent reduction in the hours billed appropriate, after having reviewed the time charges in considerable detail).

Finally, for the reasons identified in Point III.A. of this Decision and Order, the Court need not, and will not, address Lehigh's argument in opposition to Plaintiffs' motion for attorney's fees based on setoff.

Accordingly, Plaintiffs are entitled to an award of attorney's fees of $119,923.72.[3]

**ACCORDINGLY**, it is

**ORDERED** that Lehigh's letter motion requesting a stay of payment on the supersedeas bond (Dkt. No. 139) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiffs' motion to enforce liability on the supersedeas bond is **GRANTED** in part and **DENIED** in part, as follows: the surety, Aegis Security Insurance Corp., is directed to pay Plaintiffs $18,372; and it is further

**ORDERED** that Plaintiffs' motion for attorney's fees is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs are awarded $119,923.72 in attorney's fees.

Dated: March 25, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] This amount is calculated as follows: ($300.00 per hour times 224.55 hours for attorneys Zylstra and Massaroni equals $67,365) plus ($180 per hour times 567.85 hours for attorneys Schwartz, Smith, Dalbec and Lamme equals $102,213) plus ($80 per hour times 21.77 hours for paralegal Jenks equals $1741.60) equals $171,319.60. Seventy percent of $171,319.60 equals $119,923.72.

17